DIXIE GREYHOUND LINES, INC., *v.* KAPLAN.

(*Nashville*, December Term, 1935.)

Opinion filed January 11, 1936.

CHANDLER, SHEPHERD, OWEN & HEISKELL, of Memphis, for plaintiff in error.

HARVEY TAYLOR, of Memphis, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The facts of this case are not in controversy, having been stipulated in the trial court. It appears that on February 7, 1934, the Dixie Greyhound Lines, Incorporated, sold Sam Kaplan, a minor, a round-trip bus ticket from Memphis, Tenn., to New Orleans, La., at the price of the regular round-trip fare between those points. This ticket consisted of four coupons, the first being from Memphis to Jackson, Miss., "via Dixie Greyhound;" the second being from Jackson to New Orleans, "via Teche Greyhound Lines;" and the remaining two coupons being the same as the above, except in reverse order, for use on the return journey.

Kaplan, when he boarded the bus of the Dixie Greyhound Lines, Incorporated, at Memphis, was issued a

baggage check for his baggage from Memphis to Jackson. Upon arrival at Jackson, in due course, he made direct connection with a bus belonging to the Teche Greyhound Lines, the connecting carrier, a distinct corporation from Dixie Greyhound Lines, and his baggage was transferred in good order to the Teche Greyhound Lines' bus, which company issued to Kaplan a baggage check covering his baggage from Jackson to New Orleans. Upon arrival at New Orleans, Kaplan presented his baggage check, and it was discovered that his baggage had been lost, mislaid or stolen. He filed claim of loss with the Teche Greyhound Lines and was paid $25. This amount it was agreed should be credited upon any judgment recovered against the Dixie Greyhound Lines, should any liability upon its part exist.

This suit was instituted by Kaplan to recover the value of the lost baggage, less the $25 paid as above stated. The trial judge awarded Kaplan a judgment for $126. The Dixie Greyhound Lines has appealed to this court and assigned errors.

Printed across the margin of the round-trip ticket sold Kaplan at one end, in small but entirely legible type appears the following:

"In selling this ticket, and checking or carrying baggage thereon, the selling carrier acts only as agent and is not responsible for loss, damage or injury beyond its own lines; and shall in no event be liable for loss or damage to baggage in excess of $25.00. Subject to all tariff regulations."

■ ■ The English rule, followed in Tennessee, is that the receipt of goods marked for a given point, without a positive limitation of responsibility, affords *prima*

*facie* evidence of an undertaking on the part of the carrier to safely transport them to their destination, whether within or beyond the limits of its own line. *Merchants' D. Transportation Co.* v. *Bloch Bros.,* 86 Tenn., 392, 414, 6 S. W., 881, 6 Am. St. Rep., 847; *L. & N. Railroad* v. *Campbell & Richards,* 7 Heisk. (54 Tenn.), 253; *East Tennessee & V. Railroad Co.* v. *Rogers & Hartsell,* 6 Heisk. (53 Tenn.), 143, 19 Am. Rep. 589; *Western & A. Railroad Co.* v. *McElwee,* 6 Heisk. (53 Tenn.), 208; *Carter & Hough* v. *Peck,* 4 Sneed (36 Tenn.), 203, 67 Am. Dec., 604. So a carrier selling a through ticket and checking a passenger's baggage through to a point beyond its own line undertakes, in the absence of an express stipulation to the contrary, to insure the safe delivery of such baggage at the point to which it is sold. *Louisville & N. Railroad Co.* v. *Weaver,* 9 Lea (77 Tenn.), 38, 42 Am. Rep. 654; *Coward* v. *Railroad Co.,* 16 Lea (84 Tenn.), 225, 57 Am. Rep., 227.

The carrier has the legal right, at its election, to undertake the transportation of goods to the terminus of its own lines only, or to their ultimate destination. It is under no legal obligation, in the first instance, to transport goods beyond the end of its own lines, and, for that reason, is authorized in law, when contracting for through transportation, to limit its responsibility for loss to its own lines. *Bird* v. *Railroads,* 99 Tenn., 719, 42 S. W., 451, 457, 63 Am. St. Rep., 856; *Merchants' D. Transportation Co.* v. *Bloch Bros., supra; Post* v. *Railroad,* 103 Tenn., 184, 202, 52 S. W., 301, 55 L. R. A., 481; *Railroad Co.* v. *Stone & Haslett,* 112 Tenn., 348, 79 S. W., 1031.

The question then occurs whether or not the Dixie

Greyhound Lines validly limited, by express stipulation, its responsibility for Kaplan's baggage to its own lines. The condition printed across the margin of the ticket provides: *"In selling this ticket, and checking or carrying baggage thereon, the selling carrier acts only as agent and is not responsible for loss, damage or injury beyond its own lines."* This was a positive limitation of responsibility for baggage beyond its lines; but left unqualified its responsibility for baggage on its own lines. It was not necessary to the validity of this restriction of responsibility that it rest on any consideration, because a carrier is not required to transport goods beyond the terminus of its lines. *Railroad Co.* v. *Stone & Haslett, supra,* 112 Tenn., 348, at page 358, 79 S. W. 1031. Consistent with the printed condition on the ticket, the Dixie Greyhound Lines issued to Kaplan its baggage check to Jackson, the terminus of its lines, at which point Kaplan's baggage was rechecked for transportation by the Teche Greyhound Lines to New Orleans.

It does not appear that Kaplan was ignorant of the condition, with respect to baggage, printed on the ticket. In *Merchants' D. Transportation Co.* v. *Bloch Bros. supra,* 86 Tenn., 392, at page 417, 6 S. W., 881, 889, 6 Am. St. Rep., 847, the court said "that the fair and honest acceptance of a bill of lading without dissent raises a presumption that all limitations contained therein were brought to the knowledge of the shipper, and agreed to by him."

Stress is placed upon the case of *Coward* v. *Railroad Co., supra,* by counsel for Kaplan. We think that case is readily distinguishable from the case at bar. In the Coward Case the restriction was as follows: "In sell-

ing this ticket this company acts as agent and is not responsible beyond its own line." It was held that this item of the contract had reference alone to personal injuries, and that this meaning was given to it when it inserted the seventh clause, which was as follows: "None of the companies represented in this ticket will assume any liability on baggage except for wearing apparel, and then only for a sum not exceeding one hundred dollars." Had the first clause read that the seller of the ticket was not responsible for *baggage* beyond its own lines, a different result would have followed in the case.

The Interstate Commerce Act, 49 U. S. C. A., sec. 1 et seq., at the time the Dixie Greyhound Lines sold Kaplan the ticket in question, did not assume to regulate interstate commerce between the states by motor vehicles. *Cobb* v. *Department of Public Works* (D. C.), 60 F. (2d), 631; *Interstate Transit Co.* v. *Derr*, 71 Mont., 222, 228 P., 624, 625. The Motor Carrier Act, approved August 9, 1935 (49 U. S. C. A., secs. 301-327), is inapplicable because enacted subsequent to the happening of the matter here in controversy.

Kaplan's baggage not having been lost while in the care and custody of the Dixie Greyhound Lines, the question of whether or not the limitation of liability to $25, for loss or damage to baggage, is valid, cannot arise in this case.

The result is that the judgment of the trial court must be reversed and the suit dismissed, at the cost of appellee.